CITIZENS SAVINGS BANK, Appellant, v. AUSTIN LOUIS BROWN and Others, Defendants, Impleaded with PARSI RUG SHOP, INC., and MARGUERITE B. KUHN as Receiver of Rents, Respondents. CITIZENS SAVINGS BANK, Appellant, v. ARTROSE BUILDING CORPORATION and Others, Defendants, Impleaded with PARSI RUG SHOP, INC., and MARGUERITE B. KUHN, as Receiver of Rents, Respondents.— Order of July 11, 1933, modified by granting that part of plaintiff's motion to modify the order of January 20, 1933, in respect to the two-year option contained in the lease limiting the order to an authorization of the receiver to lease for a

term of three years only, and providing that the lease be amended to conform to that term by striking out paragraph 25 thereof; and as so modified the order is affirmed, without costs. It was the duty of plaintiff's counsel to attend on the return day of the motion, or to keep reasonably informed concerning what was being done in respect to leasing the property under foreclosure. Although covered by two separate mortgages owned by the plaintiff, the property was and had been used as a single store. The lease thereof was valid, though the proceeding was entitled in only one of the actions. The notice of motion given by the receiver for permission to make a lease was for a term of three years. Through inadvertence on the part of the attorney and careless inattention on the part of the receiver, a two-year option was inserted in the lease at some time and has color of authority, which matter was not the subject of the motion when the receiver applied for authorization to lease. We take this occasion to remind receivers that they are officers of the court and should give individual and intelligent attention to the duties they are called upon to perform. Much trouble and expense would have been avoided had that rule been observed in this case. Young, Kapper, Carswell and Davis, JJ., concur; Lazansky, P. J., concurs in result.